UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SUNBELT RENTALS, INC. </br> Plaintiff </br></br> vs. </br></br> DEMAND ELECTRIC, INC. and </br> ANDREAS KOURKOUMELIS </br> Defendants | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Civil Action No. 1:21-cv-3136 |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

Plaintiff Sunbelt Rentals, Inc. ("Sunbelt") respectfully submits the following response to this Court's Order to Show Cause why this matter should not be dismissed for failure to properly invoke the Court's diversity jurisdiction. (*See* docket entry dated June 3, 2021). The Court's Order directed Sunbelt to its opinion in *147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L.*, No. 21-cv-950, 2021 WL 878557 (E.D.N.Y. March 9, 2021).

By way of background, Sunbelt filed this action to recover damages related to unpaid invoices for construction equipment it rented to Defendant Demand Electric, Inc. ("Demand Electric"). (*See* doc. 1 at 2–7). Defendant Andreas Kourkoumelis, Demand Electric's President and Chief Executive Officer, executed in his individual capacity a personal guaranty (the "Guaranty") for any and all indebtedness on the part of Demand Electric in connection with its rentals of equipment from Sunbelt.

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

1

## I. Amount in Controversy

As of the date of the Complaint, the outstanding debt owed by Demand Electric, and personally guaranteed by Andreas Kourkoumelis, is $226,391.79—the principal balance is $199,552.58, and the service charges accrued to date total $26,839.21. Additionally, under the parties' written agreements, Sunbelt has the right to recover the attorneys' fees it incurs in collecting on the amounts due, including any attorneys' fees that arise from the litigation of this case. The amount in controversy therefore exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a); *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 755 (E.D.N.Y. 2001) (explaining that attorney's fees may be used to satisfy the amount in controversy requirement if they are recoverable as of right pursuant to contract).

## II. Citizenship of parties

Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." *See also 147-149 McCarren, LLC., 2021 WL 878557*, at *1. Sunbelt is a corporation organized under the laws of North Carolina, and its principal place of business is located in South Carolina. Sunbelt is therefore a citizen of North Carolina and South Carolina under 28 U.S.C. § 1332(c)(1). Demand Electric is corporation organized under the laws of the state of New York. Upon information and belief, Defendant Demand Electric's principal place of business is located in Astoria, Queens County, New York. Because Demand Electric is incorporated in New York, and its principal place of business is in New York, Defendant Demand Electric is a citizen of New York pursuant to 28 U.S.C. § 1332(c)(1).

Upon information and belief, Mr. Kourkoumelis is domiciled in New York and is therefore a citizen of the state of New York within the meaning of the diversity statute. *See*

*Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *Finnegan v. Long Island Power Auth.*, 409 F. Supp. 3d 91, 96 (E.D.N.Y. 2019).

As both Defendant Demand Electric and Defendant Andreas Kourkoumelis are citizens of New York, and Sunbelt is a citizen of North Carolina and South Carolina, the parties are citizens of different states, and complete diversity exists.

### III. Diversity jurisdiction is proper

Because the jurisdictional limit is met, and this matter is between citizens of different states, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). Pursuant to Fed. R. Civ. P. 15(a)(1), Sunbelt is contemporaneously amending its Complaint to allege the citizenship of the parties and provide additional details about the amount in controversy. A true and correct copy of Sunbelt's First Amended Complaint is attached as **Exhibit 1** for the Court's convenience.

### Conclusion

WHEREFORE, based upon the above, Sunbelt respectfully requests that this Court conclude that its diversity jurisdiction for this matter has been properly invoked.

Respectfully submitted, this the 9th day of June, 2021.

        SUNBELT RENTALS, INC.

        BY: */s/ Valerie Diden Moore*
            Valerie Diden Moore, Esq.
            **BUTLER SNOW LLP**
            The Pinnacle at Symphony Place, Suite 1600
            150 3rd Avenue South
            Nashville, TN 37201
            (615) 651-6700 Telephone
            (615) 651-6701 Facsimile
            valerie.moore@butlersnow.com

Derek Rajavuori, Esq.*
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5000 Telephone
(678) 515-5000 Facsimile
derek.rajavuori@butlersnow.com

**Pro hac vice* application filed

## CERTIFICATE OF SERVICE

I, Derek S. Rajavuori, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system. I further certify that I served the forgoing document via U.S. Mail, postage prepaid on the following:

Demand Electric, Inc.
c/o Andrew Kourkoumelis, President
3133 31st St.
2nd Floor
Astoria, NY 11106

Andreas Kourkoumelis
3133 31st St.
2nd Floor
Astoria, NY 11106

This the 9th day of June, 2021.

                                                */s/ Derek S. Rajavuori*
                                                Derek S. Rajavuori