UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SUNBELT RENTALS, INC.<br>Plaintiff<br><br>vs.<br><br>DEMAND ELECTRIC, INC. and<br>ANDREAS KOURKOUMELIS<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:21-cv-3136 |

## AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff Sunbelt Rentals, Inc. ("Sunbelt") files this Amended Complaint against Defendants Demand Electric, Inc. ("Demand Electric") and Andreas Kourkoumelis.

### PARTIES

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant Demand Electric is a corporation formed under the laws of New York. Upon information and belief, Demand Electric's principal place of business is located in Astoria, Queens County, New York.

3. Defendant Andreas Kourkoumelis is an individual. Upon information and belief, Mr. Kourkoumelis is domiciled in the state of New York. Mr. Kourkoumelis executed in his individual capacity a personal guaranty (the "Guaranty") for any and all indebtedness on the part of Demand Electric. Recovery of that indebtedness is at issue in this action.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5. Plaintiff Sunbelt is incorporated in North Carolina and maintains its principal place of business in South Carolina. Sunbelt is therefore a citizen of North Carolina and South Carolina for diversity purposes.

6. Defendant Demand Electric is incorporated under the laws of New York, and upon information and belief, maintains its principal place of business Astoria, Queens County, New York. Therefore, Demand Electric is a citizen of New York for diversity purposes.

7. Upon information and belief, Mr. Kourkoumelis is domiciled in New York and is therefore a citizen of New York.

8. As both Defendant Demand Electric and Defendant Andreas Kourkoumelis are citizens of New York, and Plaintiff Sunbelt is a citizen of North Carolina (state of incorporation) and South Carolina (state of principal place of business), this action is between citizens of different states. Sunbelt seeks recovery of an amount greater than $75,000, exclusive of interests and costs. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

9. This Court has personal jurisdiction over Defendant Demand Electric because it is incorporated and maintains its principal place of business in the state of New York. Further, Demand Electric transacted business in the state of New York, and those transactions form the basis of this action.

10. This Court has personal jurisdiction over Defendant Andreas Kourkoumelis because he is a citizen of the state of New York. Further, Mr. Kourkoumelis transacted

business in the state of New York, and those transactions form the basis of this action. Mr. Kourkoumelis also personally guaranteed any and all indebtedness on the part of Demand Electric, which this action seeks to enforce.

**VENUE**

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because both Defendants are residents of the state of New York; Demand Electric is a resident of the Eastern District of New York; and a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

**FACTS**

12. Sunbelt rents equipment to its customers for use in construction projects.

13. Upon information and belief, Demand Electric is a general contractor.

14. In 2011, Andreas Kourkoumelis, President of Demand Electric, executed on Demand Electric's behalf a credit application (the "Application") with Sunbelt. A true and accurate copy of the Application is attached hereto as **Exhibit A**.

15. By submitting its Application, Demand Electric agreed to Sunbelt's Terms Agreement (the "Open Account Terms"). A true and accurate copy of these Open Account Terms can be found on page 2 of Exhibit A.

16. Under the Open Account Terms, all invoices that are not paid when due are subject to service charges of 1.5% per month. (Exhibit A at p. 2). Further, under the Open Account Terms, Demand Electric agreed to pay all costs and expenses Sunbelt incurs in collecting balances due — including reasonable attorneys' fees not to exceed "a sum equal to fifteen percent (15%) of the outstanding balances owing." (*Id.*).

17. Part of the Application included a provision for a personal guaranty (the "Guaranty") of Demand Electric's debts to Sunbelt. Andreas Kourkoumelis executed in his

individual capacity the Guaranty as Demand Electric's guarantor.  (Exhibit A at p. 2). Mr. Kourkoumelis personally guaranteed "to pay on demand any sum which is due by Customer to [Sunbelt] whenever Customer fails to pay the same."  (*Id.*).

18. In May 2011, Sunbelt approved Demand Electric's Application. Sunbelt's approval established an open account ("Open Account") through which Demand Electric could rent equipment from Sunbelt on credit.

19. Following Sunbelt's approval of Demand Electric's Application, Demand Electric began renting equipment from Sunbelt on Demand Electric's Open Account.

20. Demand Electric agreed to Sunbelt's Rental Contract and Terms and Conditions ("Rental Terms and Conditions") when it accepted each piece of Equipment and received each invoice. (*See* Exhibit A at p. 2) ("Customer has received, read, understands and accepts all of the terms and conditions of [Sunbelt's] rental contract, which terms and conditions are on the reverse side of each and every rental contract . . . ."). A true and correct copy of the complete Rental Terms and Conditions is attached hereto as **Exhibit B.**

21. Under the Rental Terms and Conditions, Demand Electric agreed to "pay all costs and expenses of collection, including but not limited to, reasonable attorney's fees" that Sunbelt incurs in collecting any outstanding balances. (Exhibit B at p.2).

22. Beginning on June 12, 2020, Demand Electric became overdue on rental payments for the Equipment.  A true and accurate copy of the unpaid invoices (the "Invoices") reflecting the rental charges and late fees for the Equipment is attached hereto as **Exhibit C**.

23. Demand Electric has failed to remit payment for its overdue invoices and has failed to pay the outstanding balance on its Open Account with Sunbelt.

24. A true and correct copy of Sunbelt's account summary for Demand Electric (the "Account Summary") is attached hereto as **Exhibit D**. The Account Summary reflects

that Demand Electric's principal balance is $199,552.58, and that as of the date of this Amended Complaint, the accrued service charges total $26,839.21. The Account Summary therefore shows that Demand Electric's total outstanding balance, including the amount of the unpaid invoices and applicable service charges, equals $226,391.79.

25. Sunbelt has also incurred substantial attorney's fees in its attempts to collect this balance due, and it will continue to incur attorney's fees throughout this action.

26. Demand Electric's balance due exceeds the sum of $75,000. This dispute therefore exceeds the jurisdictional minimum. Moreover, Demand Electric continues to incur service charges on its past due account and attorney's fees as this action progresses.

### CLAIM 1 – BREACH OF CONTRACT: DEMAND ELECTRIC, INC.

27. Sunbelt repeats, reiterates, and incorporates all allegations contained in the preceding paragraphs of this Amended Complaint.

28. The Open Account Terms, the Rental Terms and Conditions, and the Invoices constitute the contract between Sunbelt and Demand Electric.

29. Despite proper demand, Demand Electric breached that contract by failing to pay Sunbelt for its rental of the Equipment.

30. Sunbelt suffered damages because of Demand Electric's breach of contract.

### CLAIM 2 – ACTION ON OPEN ACCOUNT: DEMAND ELECTRIC, INC.

31. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 26 of this Amended Complaint.

32. Sunbelt provided a series of services to Demand Electric by enabling Demand Electric to rent equipment on credit.

33. As evidence in the Invoices and Account Summary attached hereto as Exhibits C and D, respectively, an unsettled debt exists on Demand Electric's Open Account. That debt remains unresolved.

34. Accordingly, Sunbelt has suffered damages because of Demand Electric's failure to settle the debts on its Open Account.

### CLAIM 3 – BREACH OF GUARANTY: ANDREAS KOURKOUMELIS

35. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 26 of this Amended Complaint.

36. Mr. Kourkoumelis executed the Guaranty as Demand Electric's Guarantor.

37. Mr. Kourkoumelis has failed to pay Sunbelt the amounts Demand Electric owes Sunbelt.

38. Sunbelt has suffered damaged because of Mr. Kourkoumelis's breach of the Guaranty.

### CLAIM 4 – UNJUST ENRICHMENT: DEMAND ELECTRIC, INC.

39. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 26 of this Amended Complaint.

40. Sunbelt rented the Equipment to Demand Electric.

41. Demand Electric did not pay to Sunbelt the rental charges for the Equipment, and it would be unjust for Demand Electric to retain the benefit of such Equipment without paying for the same.

42. Accordingly, Demand Electric is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

### CLAIM 5 – ATTORNEYS' FEES: DEMAND ELECTRIC, INC. AND ANDREAS KOURKOUMELIS

43. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in paragraphs 1 through 26 of this Amended Complaint.

44. Because of the plain breaches by Demand Electric, it became necessary for Sunbelt to retain attorneys to litigate its claims.

45. In accordance with the Rental Terms and Conditions and Open Account Terms, Sunbelt is entitled to recover from Demand Electric the reasonable attorneys' fees Sunbelt has incurred and will incur in enforcing its rights. Additionally, under the Open Account Terms, Sunbelt is entitled to recover these amounts from Andreas Kourkoumelis, who signed the Guaranty, in his individual capacity.

### PRAYER FOR RELIEF

WHEREFORE, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor granting the following relief: (i) a judgment making Defendants Demand Electric and Andreas Kourkoumelis liable to Sunbelt for the following: the Principal Amount, service charges that have accrued and will continue to accrue until the unpaid principal amount of the Invoices is fully collected, attorneys' fees and other costs and expenses Sunbelt has incurred and will continue to incur to collect the amounts owed to Sunbelt, all other damages Sunbelt has suffered, pre-judgment interest, and post-judgment interest; and (ii) any other and further relief that this Court deems just and proper.

Respectfully submitted, this the 9th day of June, 2021.

    */s/Valerie Diden Moore*
    Valerie Diden Moore, Esq.
    **BUTLER SNOW LLP**
    The Pinnacle at Symphony Place, Suite 1600

150 3rd Avenue South
Nashville, TN 37201
(615) 651-6700 Telephone
(615) 651-6701 Facsimile
valerie.moore@butlersnow.com

Derek Rajavuori, Esq.*
**BUTLER SNOW LLP**
1170 Peachtree Street NE
Suite 1900
Atlanta, Georgia 30309
(678) 515-5000 Telephone
(678) 515-5000 Facsimile
derek.rajavuori@butlersnow.com

**Pro hac vice* application filed

8

## CERTIFICATE OF SERVICE

I, Derek S. Rajavuori, do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system. I further certify that I served the forgoing document via U.S. Mail, postage prepaid on the following:

Demand Electric, Inc.
c/o Andrew Kourkoumelis, President
3133 31st St.
2nd Floor
Astoria, NY 11106

Andreas Kourkoumelis
3133 31st St.
2nd Floor
Astoria, NY 11106

This the 9th day of June, 2021.

                                             */s/ Derek S. Rajavuori*
                                             Derek S. Rajavuori